UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TERRY NELSON, JOHN HOLZER, RON DICUS, AL BOND, SCOTT BYRNE, MIKE THUSTON, DON BRUSSEL, JR., STEVE MEEKS, JOHN FISCHER, KIRK VERSEMAN, KEN STRICKER, ROBERT CALHOUN, EARL POE, III, RENEE BELL, as Trustees of the Carpenter's Health and Welfare Fund of St. Louis, | Cause No. |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| vs. | |
| TRAVELERS HOME AND MARINE INSURANCE CO., and JACK TURPIN AND FERN TURPIN, | |
| Defendants. | |

## COMPLAINT

COME NOW Plaintiffs, and for their cause of action against Defendants Traveler's Home and Marine Insurance Co ("Traveler's") and Jack, states to the Court as follows:

1.  Plaintiffs are and were at all times herein mentioned duly appointed Trustees of the Carpenter's Health and Welfare Fund of St. Louis ("the Fund"). The Fund is a Missouri Trust, organized under law with its situs located in the City of St. Louis.  The purpose of the Carpenter's Fund is to provide health care benefits to their members.  Pursuant to the contractual provisions of the Fund, Plaintiffs have the contractual right as assignee of its member/beneficiaries to institute causes of action to recover against third parties who may be liable to their members as a result of negligence in tort or other contractual obligations, including uninsured auto insurance carriers. The Fund's subject health plan ("Plan") is a self funded Plan subject to ERISA (the Employer Retirement Income Security Act).  A copy of the Summary Plan

1

Description of the subject Plan is attached hereto and incorporated herein by reference as Plaintiff's Ex. No. 1.

2. Defendants Jack and Fern Turpin are and were at all times herein mentioned residents and citizens of the State of Illinois. Defendant Jack Turpin is a member of the Carpenters' Union and a beneficiary of the Fund. Therefore, Defendant Jack Turpin and his wife Fern are entitled to receive health insurance benefits under the terms and conditions of the Plan.

3. Defendants Turpin are being named as nominal Defendants herein in order for the Court to adjudicate any and all rights the Turpin's may have under the automobile liability policy which is at issue in the case. Plaintiffs do not seek any affirmative recovery against them. They are being named pursuant to Rule 19(a)(1)(B)(i) of the Federal Rules of Civil Procedure as necessary parties.

4. Defendant Travelers Home and Marine Insurance Co. ("Travelers") is and was at all times herein mentioned a corporation organized and existing under and by virtue of Connecticut law and is licensed to transact business and sell insurance policies in the State of Illinois. Defendants Travelers sold the Turpins the automobile policy at issue in the case.

5. At the time and place of the aforesaid collision Defendants Jack and Fern Turpin were insured with Defendant Traveler's for uninsured motorist protection, policy number 986226507 ("Traveler's Policy").

6. The Fund is bringing this action to enforce its contractual subrogation interest in and to the uninsured motorist benefits due Fern Turpin as a result of this collision.

7. This case is a breach of contract action under the uninsured motorist policy provisions of the Travelers insurance policy sold to the Turpins. This Court has jurisdiction of this cause of action pursuant to both 28 U.S.C. § 1332 because the matter in controversy exceeds

$75,000.00 and the parties are citizens and residents of different states. This Court also has federal question jurisdiction under the Employee Retirement Income Security Act (ERISA)

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because the ERISA health plan at issue was entered into in this District, Jack Turpin was a member of Carpenter's Union located in this District, attended meetings and received work assignments in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. On May 6, 2010, Fern Turpin was traveling in her motor vehicle in Madison County, Alabama, when her motor vehicle was struck by a motor vehicle being driven by Earl R. Beardsley, an uninsured motorist.

10. The collision between the Turpin vehicle and the Beardsley vehicle was the direct result of the negligence of Beardsley as he failed to keep a careful lookout, failed to yield the right-of-way, violated the traffic control signal and otherwise entered the intersection when it was not reasonably safe to do so.

11. As a direct and proximate result of the aforesaid negligence of Beardsley, the uninsured motorist, Fern Turpin suffered serious and permanent injury and incurred reasonable and necessary medical expenses in excess of $200,000.00.

12. The Fund has paid these medical bills and provided medical benefits on behalf of Fern Turpin, all of which were incurred as a direct and proximate result of the subject motor vehicle collision.

13. On or about June 30, 2010 Defendants Jack and Fern Turpin executed an agreement called "Carpenters' Health and Welfare Trust Fund of St. Louis Agreement Concerning Benefits Advanced" ("Benefits Agreement"). This Benefits Agreement provides, in

pertinent part, that in consideration of inducing the Fund to advance benefits for Fern Turpin's injuries suffered in the May 6, 2010 accident, Fern Turpin agreed to assign to the Fund the gross amount of any and all proceeds she may recover from any third party on account of the accident. Further, the Fund is authorized to notify any third party of the assignment and to receive payment directly from the third party. See Plaintiff's Ex. No. 2, a true and accurate copy of the Benefits Assignment.

14. Pursuant to the contractual terms and conditions of the Plan and specifically the Benefits Assignment, Plaintiffs became subrogated, to the extent of benefits paid, to all rights and claims of Defendant Fern Turpin against any third party (in this case the Turpin's uninsured motorist carrier, Defendant Travelers). The Benefits Agreement further provides that Plaintiffs may, but are not obligated to, institute and prosecute any legal action in the name of the covered person against any potentially liable third party and Plaintiffs shall be entitled to receive and retain the amount of benefits paid as well as costs of prosecution.

15. Therefore, Plaintiffs seek to recover as assignees to the Turpins and pursuant to the Benefits Agreement any proceeds available under the Travelers Policy.

16. At the time and place of the aforesaid collision, the Traveler's Policy was in full force and effect and did provide uninsured coverage for Fern Turpin's injuries from the May 6, 2010 accident.

WHEREFORE, Plaintiffs pray for judgment against Defendant Travelers in a sum to be found reasonable by a jury upon the trial of this case, and for Plaintiffs as the Assignee of Fern Turpin's claim and interest in her uninsured motorist policy, as well as under Plaintiffs' subrogation interest under contract and law, together with costs incurred herein, interest as

allowed by law and for such other and further relief as the Court deems just and proper in the circumstances.

                              Respectfully yours,

                              */s/ Jason A. Charpentier*
                              Gary A. Growe, MO 26151
                              Jason A. Charpentier, MO 52840
                              GROWE EISEN KARLEN
                              7733 Forsyth, Suite 325
                              Clayton, MO 63105
                              T: (314) 725-1912
                              F: (314) 261-7326
                              gary@groweeisen.com
                              jason@groweeisen.com
                              *Attorney for Plaintiffs*